IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Georgia Ruth Willis, | Civil Action No.: 6:10-697-RBH-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Greenville County Disabilities and Special Needs Board (Greenville County DSNB), | |
| Defendants. | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 11.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## LEGAL STANDARD

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

## **DISCUSSION**

The defendant contends that the plaintiff's Complaint must be dismissed because it fails to state a claim upon which any relief can be granted. Specifically, the defendant contends that the plaintiff's Complaint is not in keeping with the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny, *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *id*. at 1949.

The plaintiff's Complaint admittedly fails to purport of any cognizable claim, as far as the Court can discern. Notwithstanding about a page of factual description, the undersigned cannot precisely interpret the relationship of the individuals identified or exactly under what circumstances the plaintiff was allegedly terminated from her work, if at all. (See Compl. at 4-5.) More importantly, the Complaint seems to lack any articulation of a reason for such termination, which the law might make illegal. She simply contends that she was "unjustly fired from [her] job." (Compl. at 5.) This allegation does not state a legally cognizable action, and the Complaint's preceding factual recitation does not illuminate it. She has not cited any particular and wrongful basis for the termination nor any statute which might imply one.

That being said, the plaintiff has filed, with her Complaint, her Charge of Discrimination with the EEOC, which plainly complains of race discrimination in the

2

termination of her employment. (Compl. Attach. 1.) The factual and discriminatory allegations in that Charge are not reasonably reflected in the plaintiff's present Complaint. To proceed in this litigation, the Complaint should reveal more expressly a claim predicated on such matters.

It is the undersigned's preference, particularly where a *pro se* litigant is involved, to exercise this Court's discretion to allow the plaintiff to cure any deficiency in the pleading through amendment. Under Federal Rule of Civil Procedure 12(b)(6), a pro se plaintiff "with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The plaintiff, therefore, should be given an opportunity to attempt to reflect the allegations contained in her EEOC Charge in her Complaint.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 11] should be DENIED and the plaintiff permitted fifteen (15) days from the date of the District Court's Order regarding this Report and Recommendation to amend her Complaint to identify a claim which is recognized in the law, whether under some statute or otherwise. A failure to do so, or to do so effectively, will likely result in a dismissal of this case with prejudice to the plaintiff's claims in this matter, whatever they may be.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

May 3, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 10768
>Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).