IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| George Ruth Willis, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:10-cv-00697-JMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Greenville County Disabilities and Special Needs Board, Greenville County DSNB, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* Plaintiff filed this action alleging a claim for wrongful termination based on discrimination against Defendant. The magistrate judge filed her Report and Recommendation [Entry # 20] on July 20, 2010, recommending Plaintiff's Complaint [Entry # 1] be dismissed with prejudice for lack of prosecution and for failure to comply with the magistrate judge's orders. The Report and Recommendation sets forth the relevant facts, which this court incorporates herein without a recitation.

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was advised of her right to file objections to the Report and Recommendation. However, Plaintiff filed no objections to the Report and Recommendation within the prescribed time limits.

In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Entry #1] be dismissed with prejudice for lack of prosecution and for failure to comply with the magistrate judge's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

September 13, 2010
Greenville, South Carolina